**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4609**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IRESHIA DONTE SUMMERS, a/k/a Eric Summers,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:13-cr-00006-H-2)

Submitted: May 30, 2017                          Decided: July 6, 2017

Before GREGORY, Chief Judge, and WILKINSON and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Steven P. Hanna, Richmond, Virginia, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ireshia Donte Summers appeals the 240-month sentence imposed by the district court upon resentencing following the vacatur of Summers' original armed career criminal sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) (2012), is unconstitutionally vague). Summers' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning the calculation of Summers' base offense level. Summers filed a pro se supplemental brief. The Government has moved to dismiss the appeal as barred by the appeal waiver in Summers' plea agreement. We dismiss the appeal.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). An appeal waiver generally is enforceable "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Summers knowingly and voluntarily waived his right to appeal and that the sentencing issues Summers seeks to raise on appeal fall squarely within the scope of his waiver of appellate rights. Moreover, in accordance with *Anders*, we have

2

reviewed the record for any potentially meritorious issues that fall outside the scope of the waiver and have found none.[*] *See Copeland*, 707 F.3d at 530. Accordingly, we grant the Government's motion and dismiss the appeal.

This court requires that counsel inform Summers, in writing, of the right to petition the Supreme Court of the United States for further review. If Summers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Summers. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] We have reviewed the issues Summers raised in his pro se brief and conclude that he is not entitled to relief.